**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* HAROLD SALOMON,<br><br>Plaintiff,<br><br>v.<br><br>DERISH M. WOLFF,<br><br>Defendant. | Case No. 17cv5456 (EP) (CLW)<br><br>**OPINION & ORDER** |

**PADIN, District Judge.**

      This *qui tam* matter comes before the Court on two appeals of the Magistrate Judge's decisions denying the Government's motion for a protective order seeking to bar Defendant Derish M. Wolff from deposing opposing counsel, U.S. Department of Justice Senior Trial Counsel Russell Kinner ("Kinner"), and former opposing counsel, current Maryland Circuit Court Judge Michael DiPietro ("DiPietro"). The Government appeals the Magistrate Judge's holding permitting the two depositions. D.E. 365-1 ("Gov. Mot."). Wolff appeals the Magistrate Judge's holding limiting the categories of information on which Kinner and DiPietro may be deposed, as well as the limitation that DiPietro may respond to Wolff's questions in writing, rather than via live testimony. D.E. 366-1 ("Wolff Mot."). The appeals are decided on the papers pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b). For the reasons set forth below, the parties' respective appeals will be **DENIED**.

I.   **BACKGROUND**[1]

On March 23, 2022, in resolving the Government's motion for a protective order, D.E. 318-1, the Magistrate Judge held that Wolff could depose Kinner and DiPietro, but only with respect to the following categories of information, and only if the information also relates to "[t]he Separate [Affirmative] Defenses alleged by the Defendant, Derish M. Wolff, in [this] action[:]"

> The Government's control or involvement in [this] action prior to the filing of its Complaint-In-Intervention.
>
> Participation by Government attorneys in [this] action prior to the filing of a Complaint-In-Intervention by the United States.
>
> The preparation, content, and filing of sealing applications in [this] action, including any representations made therein.

D.E. 336 at 13-14. The Magistrate Judge also permitted one additional category, but only insofar as the information gleaned is not privileged and also falls into one of the Permitted Categories of Information:

> Review, comment, and/or revision by Government attorneys of pleadings prepared by the Relator, Harold Salomon, in [this] action, prior to the filing of a Complaint-In-Intervention by the United States.[2]

*Id.* at 14 n.8.

The Government then moved for reconsideration. D.E. 340. On November 1, 2022, the Magistrate Judge substantively denied the Government's motion, thereby permitting Wolff to depose Kinner and DiPietro. D.E. 354. However, the Magistrate Judge found *sua sponte* that permitting a live deposition of DiPietro, who currently serves as the Judge in Charge of the Family

---

[1] The Court recites only the background relevant to disposition of the pending appeals and assumes the parties' familiarity with the lengthy procedural history of this matter.
[2] This category of information along with the three categories of information above will be referred to as the "Permitted Categories of Information."

Division of the Baltimore City Circuit Court, would place an unjustified strain on DiPietro and the community he serves. D.E. 354 at 4. Accordingly, the Magistrate Judge ordered, upon the Court's own motion, that DiPietro's deposition would proceed via written questioning pursuant to Federal Rule of Civil Procedure 31, rather than via live testimony. *Id.* The Magistrate Judge's previous holding as to Kinner was left untouched.

Both the Government and Wolff appeal the Magistrate Judge's decisions.

## II.    STANDARD OF REVIEW

A district court may designate a magistrate judge to hear and determine any non-dispositive, pretrial matter pending before the district court. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *EEOC v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017). On appeal, a district court's scope of review is narrow. *Spring Creek Holding Co. v. Keith*, 2006 U.S. Dist. LEXIS 58240, at *5 (D.N.J. Aug. 18, 2006); *see also NLRB v. Frazier*, 966 F.2d 812, 815 (3d Cir. 1992) (noting "the magistrate judge is accorded with wide discretion"). Typically, a district court will only modify a magistrate judge's order, in whole or in part, where the order is either "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L.Civ.R.72.1(c)(1)(A). Under this standard, findings of fact are reviewed for clear error and findings of law are reviewed *de novo*. *City of Long Branch*, 866 F.3d at 99.

However, "[w]here an appeal seeks review of a matter within the purview of the Magistrate Judge, such as a discovery dispute, an even more deferential standard, the 'abuse of discretion standard' must be applied." *Nye v. Ingersoll Rand Co.*, 2011 U.S. Dist. LEXIS 7383, at *15 (D.N.J Jan. 25, 2011) (citing *Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. 2008) ("[w]here a magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of discretion"); *see also Holmes v. Pension Plan of Bethlehem Steel Corp.*, 213 F.3d

3

124, 138 (3d Cir. 2000) (discovery orders reviewed for abuse of discretion); *Depomed, Inc. v. Purdue Pharma L.P.*, 2017 U.S. Dist. LEXIS 237470, at *3-4 (D.N.J. Dec. 21, 2017) (citing *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982)) ("[I]ndeed, it is well settled that the appropriate scope of discovery and the management of requests for discovery are left to the sound discretion of the Court."). An abuse of discretion occurs:

> when the judicial action is arbitrary, fanciful or unreasonable, which is another way of saying that discretion is abused only where no reasonable man would take the view adopted by the trial court. If reasonable men could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion.

*Lindy Bros. Builders v. American Radiator & Standard Sanitary Corp.*, 540 F.2d 102, 115 (3d Cir. 1976).

**III.  DISCUSSION**

The pending appeals concern a discovery dispute; therefore, the Court reviews the Magistrate Judge's decisions under the abuse of discretion standard. *See Kresefsky v. Panasonic Communs. & Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J. 2009) (citation omitted) ("[Where] the magistrate [judge] has ruled on a non-dispositive matter such as a discovery motion, [] her ruling is entitled to great deference and is reversible only for abuse of discretion."). For the reasons that follow, the Magistrate Judge did not err nor abuse her discretion in permitting Wolff to depose Kinner and DiPietro, with respect to the Permitted Categories of Information that will purportedly further Wolff's affirmative defenses, nor in holding, upon the Court's own motion, that DiPietro's testimony may be limited to written responses.

To summarize the parties' respective positions, the Government appeals the Magistrate Judge's holding, permitting the depositions of Kinner and DiPietro as to the Permitted Categories of Information, arguing that these categories are "too vague to support the required evaluation

4

under *Shelton*, much less satisfy *Shelton*'s requirements."[3]  D.E. 365-1 at 19-20.  Wolff appeals the Magistrate Judge's holding to the extent that it limits the depositions of Kinner and DiPietro to only the Permitted Categories of Information, arguing that the Magistrate Judge's basis for barring Wolff's inquiry into other requested categories of information, *i.e.*, that other individuals—not parties to this matter—may also have the requested information, is insufficient.  D.E. 366-1 at 1-2.  Wolff also argues that the Magistrate Judge's subsequent holding limiting DiPietro's deposition to written responses lacks any "legal basis to restrict Wolff's right to confront, in person, the primary Government actors on *all topics obviously relevant* to the Defense."  *Id.* at 2 (emphasis in original).

    **A. The Magistrate Judge Properly Exercised Her Broad Discretion in Determining the Scope of Discovery with Respect to Kinner and DiPietro**

First, Wolff argues that the Magistrate Judge improperly limited Wolff's inquiries to the Permitted Categories of Information by applying the *Shelton* Test, rather than Federal Rule of Civil Procedure 26(b)(1), despite the fact that Kinner and DiPietro should not be labeled as opposing counsel.  *See* Wolff Mot. at 14-19.  The Government disagrees, responding that Wolff has failed to demonstrate that the Magistrate Judge's determination that Kinner and DiPietro were "counsel of record" for this matter and that they provided "substantial legal representation in the prosecution of this matter against Wolff[,]" was clearly erroneous.  D.E. 372 at 8-9 (citing D.E. 336 at 3 n.3).  The Court concludes that the Magistrate Judge's determination was neither clearly erroneous nor an abuse of discretion.

---

[3] In *Shelton v. Am. Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986), the Eighth Circuit established a three-factor test for determining when a deposition of opposing counsel may be considered appropriate.  Herein, this test will be referred to as "the *Shelton* Test."

5

In permitting Kinner and DiPietro's depositions to proceed only as to the Permitted Categories of Information, the Magistrate Judge acted within the broad discretion afforded to magistrate judges in discovery matters. *See* D.E. 336 at 4-7; *UAB Pamario Dvaras v. DKP Wood Railings & Stairs Inc.*, 2016 U.S. Dist. LEXIS 110999, at *8-9 (D.N.J. Aug. 18, 2016) (quoting *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998)) ("[T]he judge overseeing pretrial discovery [has] 'broad discretion to tailor discovery narrowly . . . .'"). The Magistrate Judge reasoned that the *Shelton* Test sufficiently balanced the presumption that deposing opposing counsel is typically disfavored due to the accompanying policy concerns with a party's interest in deposing opposing counsel where attorney conduct is at issue. *See* D.E. 336 at 6. And regardless of Wolff's protests about the *Shelton* Test, application of Federal Rule of Civil Procedure 26(b)(1) may not have yielded a different result, because Rule 26(c) endows a court with "broad discretion . . . to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). Accordingly, the Court finds that the Magistrate Judge did not err nor abuse her discretion in determining that applying the *Shelton* Test was proper.

Next, the parties dispute the Magistrate Judge's analysis under the *Shelton* Test. The Government contends that Wolff did not carry his burden under the "privilege" and "cruciality" factors of the *Shelton* Test because the categories of information Wolff provided were "too vague"; therefore, the Magistrate Judge's holding permitting Kinner and DiPietro's depositions to proceed as to even just the Permitted Categories of Information was improper. *See* Gov. Mot. at 23-32. Wolff disagrees, arguing instead that the Permitted Categories of Information were sufficiently specific and did not seek privileged information. *See* D.E. 373 at 25-29. However, Wolff also asserts that the Magistrate Judge erred by barring Kinner and DiPietro's depositions as to certain

6

categories of information.  The Court concludes that the Magistrate Judge did not err nor abuse her discretion in her application of the *Shelton* Test.

In applying the *Shelton* Test to the eight categories of information upon which Wolff originally sought to depose Kinner and DiPietro, the Magistrate Judge meaningfully applied each factor of the test to each of the eight categories of information, without ignoring any material factors deserving of significant weight.  *See* D.E. 336 at 7-14; *United States v. Soto-Beniquez*, 356 F.3d 1, 30 (1st Cir. 2003), *cert. denied*, 541 U.S. 1074 (2004) (finding that an abuse of discretion occurs when a "material factor deserving significant weight is ignored, when an improper factor is relied upon, or when all proper and no improper factors are assessed, but the court makes a serious mistake in weighing them").  Specifically, under the first factor, "whether other means exist to obtain the information," the Magistrate Judge found that three of the eight categories of information did not pass muster because this information could be obtained from parties other than the Government, *i.e.*, "[c]ommunications between the Government civil attorneys and *any defendant*" are inherently available from other parties, including from Wolff himself.  *Id.* at 7-8 (emphasis added).  In contrast, she found that five of the eight categories did pass muster because the information sought was likely "within the unique knowledge of Government attorneys," *i.e.*, "[p]articipation by Government attorneys in [this] action prior to the filing of a Complaint-In-Intervention by the United States."  *See id.* at 3, 8.  Thus, as the Magistrate Judge considered material information before her when applying the *Shelton* Test's first factor, it cannot be said that she erred or abused her discretion in applying this factor.

7

Similarly, the Magistrate Judge afforded sufficient consideration to the *Shelton* Test's second, "relevant and non-privileged," and third, "cruciality," factors.[4] With respect to privilege, the Magistrate Judge's analysis considered that Wolff's affirmative defenses hinge on whether Wolff can establish that attorney misconduct occurred and that privilege issues may arise, but logically concluded that not all questions asked of Kinner and DiPietro would necessarily prompt to privileged responses. D.E. 336 at 10. Accordingly, the Magistrate Judge concluded that legitimate objections raised during the depositions would be more appropriate. *Id.* at 10-12. The Court finds that the Magistrate Judge's denial of the Government's attempt at a blanket assertion of privilege was not clearly erroneous nor an abuse of discretion. *See, e.g.*, *Colony Ins. Co. v. Kwasnik, Kanowitz & Assocs., P.C.*, 2013 U.S. Dist. LEXIS 201463, at *10 (D.N.J. May 7, 2013) (citations omitted) (explaining that blanket assertions of privilege prior to a deposition are generally disfavored and that the "more appropriate method is to allow the deposition to be taken and permit [the party] to claim privilege in the face of certain questions, if necessary").

With respect to cruciality, the Magistrate Judge's analysis focused on the categories of information that remained after her consideration of the first and second factors. D.E. 336 at 12-14. At this stage, she properly considered which categories of information were crucial to furthering Wolff's affirmative defenses. The Magistrate Judge had a tall task in balancing countervailing considerations: on the one hand, certain categories may be too broad as standalone topics, *i.e.*, the Government's control of and participation in this matter before the Complaint-In-Intervention was filed, but, on the other hand, these categories may be necessary for Wolff to further his affirmative defenses, *i.e.*, that attorney misconduct occurred. *See id.* at 12-13. Thus,

---

[4] The Magistrate Judge efficiently subsumed her analysis of the relevance prong into the cruciality factor because "for information to be crucial, it must have some greater importance to the action than merely being relevant." *See* D.E. 336 at 12 (citations and internal quotation marks omitted).

in balancing these countervailing considerations, the Magistrate Judge reasoned that the Permitted Categories of Information were crucial insofar as the Government's actions leading up to the filing of the Complaint-In-Intervention and the sealing of applications in this matter touched upon Wolff's affirmative defenses of attorney misconduct. *See id.* Based on the Magistrate Judge's well-reasoned analysis, the Court finds that she did not err nor abuse her discretion in applying the second and third factors of the *Shelton* Test.

Next, Wolff argues that the Magistrate Judge erred in considering the Government's argument, made for the first time in its reconsideration motion, that DiPietro's deposition be permitted to proceed via written questioning pursuant to Federal Rule of Civil Procedure 31, rather than via live testimony, and ultimately holding the same. *See* Wolff Mot. at 25-29. What Wolff overlooks is that the Magistrate Judge's holding to this effect did not rely up the Government's argument, but rather was based upon the Court's own motion. D.E. 354 at 4 n.3. Thus, the Magistrate Judge's independent consideration of the policy concerns associated with permitting Wolff to take a live deposition of DiPietro, a sitting judge responsible for handling matters of great significance to his community, was not clearly erroneous nor an abuse of discretion. Moreover, that the Magistrate Judge found it proper to limit DiPietro's questioning to written responses falls well within the Magistrate Judge's broad discretion "in determining whether depositions are warranted." *D'Agostino v. Domino's Pizza, Inc.*, 2020 U.S. Dist. LEXIS 42841, at *13 (D.N.J. Mar. 12, 2020) (citing *Net2Phone, Inc. v. eBay, Inc.*, 2008 U.S. Dist. LEXIS 87521, at *4 (D.N.J. Oct. 27, 2008) ("[M]agistrate judge has wide-ranging authority to conduct discovery in the manner he or she deems fit.")). Accordingly, the Court finds that the Magistrate Judge did not err nor abuse her discretion in limiting DiPietro's deposition to written questioning.

Finally, Wolff argues that the Magistrate Judge erred in barring the depositions of other

9

civil attorneys and counsel who participated in the overlapping criminal investigation and prosecution. *See* Wolff Mot. at 29-32. However, as previously explained, a magistrate judge is endowed with broad discretion in determining the scope of discovery. And in light of the Magistrate Judge's clear explanation that to allow Wolff to proceed with these depositions would be to permit a fishing expedition, given Wolff's "fail[ure] to explain why depositions of counsel other than [] Kinner and [] DiPietro will advance the Affirmative Defenses[,]" the Court will not disturb the Magistrate Judge's holding. *See* D.E. 336 at 14; *Frank v. County of Hudson*, 924 F. Supp. 620, 623 (D.N.J. 1996) (citation omitted) (detailing that judges should not hesitate to exercise appropriate control over the discovery process, particularly in imposing "conditions on discovery to prevent injury, harassment or abuse of the Court's processes").

### IV. ORDER

For the foregoing reasons, **IT IS**, on this **18th** day of September, 2023,

**ORDERED** that the parties' respective appeals, D.E.s 365-1 & 366-1, of the Magistrate Judge's orders, D.E.s 337 & 354, are **DENIED**, and the Magistrate Judge's orders, D.E.s 337 & 354, are **AFFIRMED**.

Dated: September 18, 2023

_____
Evelyn Padin, U.S.D.J.