**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* HAROLD SALOMON<br><br>Plaintiff,<br><br>v.<br><br>DERISH M. WOLFF,<br><br>Defendant. | No. 17cv5456 (EP) (CF)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

In February 2025, Magistrate Judge Cathy L. Waldor denied Defendant Derish M. Wolff leave to depose two former Government criminal attorneys. D.Es. 425 ("Waldor Order") & 434 ("Waldor Opinion"). In December 2025, the Court denied Wolff's appeal and affirmed Judge Waldor's Order. D.E. 452 ("Memo Order"). Wolff now moves the Court to amend the Memo Order, asking the Court to permit him to seek leave to take an interlocutory appeal. D.E. 456-1 ("Mot." or "Motion");[1] *see also* D.E. 454 ("Rufolo Letter"); 28 U.S.C. § 1292(b); Fed. R. App. P. 5(a)(3). Plaintiff, the United States of America (the "Government"), opposes. D.E. 457 ("Opp." or "Opposition"). Wolff did not reply. *See* Dkt. The Court decides the Motion without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b).

Section 1292(b) permits an interlocutory appeal only where the order (1) "involves a controlling question of law," (2) there is "substantial ground for difference of opinion," and (3) an immediate appeal "may materially advance the ultimate termination of the litigation."

[1] Wolff's Notice of Motion is filed at D.E. 456.

28 U.S.C. § 1292(b). All three requirements must be met, and the burden of establishing each is on Wolff. The Court decided the Memo Order on multiple independent grounds, so no single legal question embedded in it is controlling. And because the Memo Order concluded that the outcome would be the same under either of the two applicable frameworks—one of which Wolff contends was improperly applied—an immediate appeal could not materially advance this litigation. Accordingly, the Court will **DENY** the Motion.

## I. BACKGROUND[2]

On July 31, 2006, a former employee of The Louis Berger Group, Inc. (the "Berger Group") filed this *qui tam* action alleging violations of the False Claims Act ("FCA"), 31 U.S.C. § 3729(a)(1)–(3), (7), related to the Berger Group's government contracts. D.E. 2. The case remained under seal until May 6, 2016. *See* Dkt. After the case was unsealed, Wolff—former President and CEO of the Berger Group and former Board Chair of the Berger Group's parent company, Berger Group Holdings, Inc.—filed an answer asserting numerous affirmative defenses, D.E. 143, premised on alleged procedural misconduct by Government attorneys who, among other things, allegedly pressured the Berger Group to terminate Wolff's employment and improperly named him in this action while under seal. *See* Memo Order at 2–3. The Government moved to strike the affirmative defenses. D.E. 156. In July 2018, then-Chief Judge Jose L. Linares denied the motion, declining to "strike any of the affirmative defenses at th[at] juncture" because "the facts alleged by [Wolff were] material and, if proved, would possibly preclude [Wolff] from being subject to liability." D.E. 194 ("Linares Order") at 12; *see* Memo Order at 4.

[2] The Court assumes the parties' familiarity with the background of this case. Thus, the Background Section is limited to facts relevant to the Motion.

Discovery on the affirmative defenses followed, and with it years of litigation over whether and on what terms Wolff could depose Government attorneys. As part of that dispute, Judge Waldor sustained the Government's assertions of attorney-client privilege over communications among Government attorneys and declined to pierce the privilege under the crime-fraud exception. *See* Memo Order at 4 (citing D.Es. 271–72, 331). Discovery proceeded under a Federal Rule of Evidence 502(d) order and a stipulated clawback agreement, D.E. 334, which allowed the parties to exchange documents without litigating waiver after each production.

In 2022, Judge Waldor permitted Wolff to depose two Government civil attorneys—Department of Justice ("DOJ") Senior Trial Counsel Russell Kinner and former Assistant U.S. Attorney ("AUSA") (now Maryland Circuit Court Judge) Michael DiPietro (the "Civil Attorneys")—on limited topics, applying the framework set forth in *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986).[3] Judge Waldor also prohibited depositions of any other Government attorney absent "a specific showing that these individuals are likely to possess discoverable information not in the possession" of those two witnesses. D.Es. 336 (the "First Opinion on Government Depositions") & 337. Judge Waldor affirmed her decision on reconsideration, D.E. 354, and this Court affirmed Judge Waldor's decision on appeal, D.E. 380. The depositions were taken in early 2024. D.Es. 390, 394.

In June 2024, Wolff moved for leave to depose two more former Government attorneys: then-U.S. Attorney Paul Fishman and AUSA Tom Eicher (together, the "Criminal Attorneys").

---

[3] Under the *Shelton* test, "depositions of opposing counsel are permissible only if: (1) no other means exist to obtain the information[,] (2) the information sought is relevant and non-privileged[,] and (3) the information sought is crucial to the preparation of the case." *State Farm Mut. Auto. Ins. Co. v. Stavropolskiy*, No. 15-5929, 2017 WL 3116284, at *2 (E.D. Pa. July 21, 2017) (citation omitted). The *Shelton* test "plac[es] the burden on the party seeking to depose opposing counsel." *Id.*

D.E. 409 (the "Underlying Motion"). Judge Waldor denied the Underlying Motion by oral opinion and written order in February 2025. Waldor Order & Opinion. Wolff appealed under Federal Rule of Civil Procedure 72(a). D.E. 436-1.

The Memo Order denied Wolff's appeal and affirmed Judge Waldor on four independent grounds. *First*, the Court held that the Underlying Motion was, in substance, an untimely motion for reconsideration of the First Opinion on Government Depositions and failed under the standard governing such motions. Memo Order at 8–12.

*Second*, the Court held that Wolff waived his challenge to Judge Waldor's application of *Shelton*, having offered only "a single conclusory assertion in passing" related to *Shelton*'s application to this case. *Id.* at 13–15. The Court further held that this reasoning "applies in even greater force" to Wolff's argument that *Johnston Development Group, Inc. v. Carpenters Local Union No. 1578*, 130 F.R.D. 348, 353 (D.N.J. 1990),[4] should govern instead because the Underlying Motion "does not even mention *Johnston*, much less explain why it should apply," Memo Order at 19 n.14.

*Third*, the Court held that Judge Waldor did not err in finding that Wolff failed each *Shelton* factor. *Id.* at 15–19. And *fourth*, "[f]or good measure," the Court held "that even assuming

[4] Under the *Johnston* test, "the party seeking to preclude an attorney's deposition bears the burden of establishing undue burden or oppression measured by (1) whether the deposition would be disproportional to the discovering party's needs[,] (2) the availability of the information from other sources that are less intrusive into the adversarial process[,] and (3) the harm to the party's representational rights of its attorney if called upon to give deposition testimony." *Patrick v. Equifax Info. Servs., LLC*, No. 23-4092, 2024 WL 4404187, at *4 (D.N.J. Oct. 3, 2024) (citation omitted).

The *Shelton* and the *Johnston* tests differ principally in who bears the burden. *Compare Shelton*, 805 F.2d at 1327 (burden on the party seeking the deposition), *with Johnston*, 130 F.R.D. at 353 (burden on the party resisting it). The Court discusses the applicability of the tests because this decision would be the same regardless of which one the Court applied. For a discussion of both tests and their applicability to Wolff, *see* Memo Order at 13 n.10, 19 n.14.

*arguendo* that *Johnston*—not *Shelton*—applies, the *Johnston* test does not warrant permitting Wolff to depose the Criminal Attorneys," resting on the affirmed disproportionality finding and the Court's prior privilege rulings. *Id.* at 13 n.10, 19 n.14.

Ten days after the Memo Order, Wolff wrote to the Court seeking an amendment to the Memo Order permitting him to file an interlocutory appeal. Rufolo Letter. The Court directed Wolff to renew the request by properly filed motion, D.E. 455, and Wolff then filed the Motion.

## II. LEGAL STANDARD

"A non-prevailing party may pursue an interlocutory appeal only when (1) the order involves a controlling question of law, (2) as to which there is a substantial ground for a difference of opinion, and (3) the final resolution of the appeal has the potential to materially advance the determination of the litigation." *Juice Entm't, LLC v. Live Nation Entm't, Inc.*, 353 F. Supp. 3d 309, 311 (D.N.J. 2018) (citing 28 U.S.C. § 1292(b)). All three requirements must be satisfied. *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974) (en banc). The burden of demonstrating each rests on the movant. *Kapossy v. McGraw-Hill, Inc.*, 942 F. Supp. 996, 1001 (D.N.J. 1996).

Certification for an interlocutory appeal "represents a deviation from the ordinary policy of avoiding piecemeal appellate review of trial court decisions which do not terminate the litigation." *Juice Entm't*, 353 F. Supp. 3d at 311–12 (citation modified). Interlocutory appeals are reserved for "exceptional cases." *Milbert v. Bison Labs., Inc.*, 260 F.2d 431, 433 (3d Cir. 1958). The "certification procedure is not mandatory; indeed, permission to appeal is wholly within the discretion of the courts, even if the criteria are present." *Bachowski v. Usery*, 545 F.2d 363, 368 (3d Cir. 1976). A certified order by the district court proceeds to appeal only if the Court of Appeals, "in its discretion," permits it. 28 U.S.C. § 1292(b); *see Katz*, 496 F.2d at 754.

In asking this Court to certify the Memo Order for interlocutory appeal under § 1292(b), Wolff invokes Federal Rule of Appellate Procedure 5(a)(3), which provides that the district court "may amend its order, either on its own or in response to a party's motion, to include the required permission or statement," in which case the ten-day period to petition the Court of Appeals runs from entry of the amended order. Fed. R. App. P. 5(a)(3); *see* 28 U.S.C. § 1292(b).

## III. ANALYSIS

Wolff has not met his burden. The Court readily concludes that the Memo Order does not "involve[] a controlling question of law" (the first certification requirement), and an immediate appeal would not "materially advance the ultimate termination of the litigation" (the third certification requirement). 28 U.S.C. § 1292(b). That leaves the second requirement—whether there is "substantial ground for difference of opinion," *id.*, whether *Shelton* or *Johnston* supplies the framework governing depositions of counsel. The Court need not decide the second requirement, however, because all three requirements must be satisfied for certification, and Wolff fails to establish two.

### A. The Memo Order Does Not Involve a Controlling Question of Law

Wolff asks the Court to certify the question "whether courts within the Third Circuit must apply" *Shelton* "or, alternately," *Johnston* "when analyzing the propriety and scope of depositions of attorneys in civil cases." Mot. at 3. He contends the two tests "impose starkly different analytical frameworks, burdens, and factors," including on "the fundamental threshold question of whether an attorney fact witness to alleged procedural misconduct is entitled to any special protection at all." *Id.* In Wolff's view, the question is controlling because "if decided incorrectly (as [h]e submit[s] the Court has done), it constitutes reversible error or significantly affects the

outcome of the litigation, either practically or legally." *Id.* at 5 (citing *Katz*, 496 F.2d at 755). The Court disagrees.

"A controlling question of law must encompass at the very least every order which, if erroneous, would be reversible error on final appeal." *Katz*, 496 F.2d at 755. "[A]ppellate jurisdiction applies to the order certified to the court of appeals, and is not tied to the particular question formulated by the district court." *Yamaha Motor Corp. v. Calhoun*, 516 U.S. 199, 205 (1996) (citation modified). In other words, Section 1292(b) certifies *orders*, not questions. The court of appeals "may address any issue fairly included within the certified order because it is the order that is appealable, and not the controlling question identified by the district court." *Id.* (citation modified).

Where an order rests on multiple independent grounds, a legal question implicating only one of those grounds is not controlling because resolving that question in the movant's favor leaves the order standing. *See DeLalla v. Hanover Ins.*, No. 09-2340, 2010 WL 3908597, at *3 (D.N.J. Sept. 30, 2010) (finding no controlling question of law where "there [wa]s no risk of reversal"); *Cardona v. Gen. Motors Corp.*, 939 F. Supp. 351, 353 (D.N.J. 1996) (denying certification and noting that "under some circumstances, what appears to the district court to be a 'controlling question of law' will not need to be decided by the circuit court at all, in view of the factual record").

The *Shelton*-versus-*Johnston* question is not controlling because the Memo Order would still stand irrespective of which test was applied. Even if the Court of Appeals were to hold that *Johnston*—or, as Wolff alternatively submits, Federal Rule of Civil Procedure 26(b)(1) alone, *see* Mot. at 4 n.2—supplies the governing framework, the Memo Order would rest on three grounds that do not depend on the choice between the two tests.

Two of those grounds never reach the framework choice. The first ground is about reconsideration. The Court held that the Underlying Motion was, in substance, an untimely motion for reconsideration of the First Opinion on Government Depositions, which had already foreclosed depositions of Government attorneys other than Kinner and DiPietro absent a specific showing that the proposed deponents possess discoverable information those witnesses do not. Memo Order at 8–12. That holding turns on timeliness and on the demanding standard governing reconsideration—not on the doctrine governing depositions of counsel. Wolff had to clear that threshold before any framework—either *Shelton* or *Johnston*—could apply. He did not.

The second ground is about waiver. Wolff offered no developed challenge to *Shelton*'s applicability before Judge Waldor and never mentioned *Johnston* at all. *Id.* at 13–15, 19 n.14. A waived argument—such as the one Wolff waived here—does not present a controlling question of law. *See Broadnax v. Sec'y U.S. Dep't of Veterans Affs.*, 860 F. App'x 800, 805 (3d Cir. 2021) ("We generally refuse to consider issues on appeal that were not raised in the lower courts." (citation omitted)); *Rodriguez v. Procter & Gamble Co.*, 499 F. Supp. 3d 1202, 1212 (S.D. Fla. 2020) ("Courts have declined to certify interlocutory appeals grounded in newly raised arguments.").

The third ground is about the information the depositions would provide and does not depend on the choice of test for a different reason. The Court affirmed Judge Waldor's determinations that the information Wolff seeks is available from sources other than Government counsel, that the proposed depositions are disproportionate, and that much of the information sought is privileged. Memo Order at 15–19; *see also id.* at 16–17, 19 n.14. Those determinations are case-specific applications of limits common to both frameworks. Neither *Shelton* nor *Johnston* authorizes the discovery of privileged material, and neither displaces Rule 26(b)(1)'s confinement

of discovery to nonprivileged matter "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). And the Memo Order held in the alternative "that even assuming *arguendo* that *Johnston*—not *Shelton*—applies, the *Johnston* test does not warrant permitting Wolff to depose the Criminal Attorneys," resting that conclusion on the same disproportionality and privilege findings. Memo Order at 13 n.10, 19 n.14. A decision adopting Wolff's preferred framework would thus return the case to a question the Court has already answered. And reaching the same decision by applying a different framework would change nothing.

Wolff contends that a dispute over which legal standard governs can itself be a controlling question. Mot. at 3, 5. Sometimes it can—but not here. For example, in *Juice Entertainment*, the court concluded that "[w]hether the new business rule was the correct standard used by the Court is a question of law" that was also controlling, while the Court's application of that standard to the facts was not. 353 F. Supp. 3d at 313. But there, the ruling under review rested *only* on the challenged standard and nothing else. Here, the Memo Order stands on three independent grounds untouched by the *Shelton*-versus-*Johnston* question.

Wolff's fallback—that he should be permitted to depose the Criminal Attorneys "without limitation or restrictions other than those imposed by Fed. R. Civ. P. 26(b)(1)," Mot. at 4 n.2—does not change the analysis. Here again, Wolff never presented his Rule 26 theory to Judge Waldor, so it is also waived. *See In re Nat'l Collegiate Student Loan Trusts 2003-1, 2004-1, 2004-2, 2005-1, 2005-2, 2005-3*, 971 F.3d 433, 444 (3d Cir. 2020) ("Arguments not presented to a magistrate judge and raised for the first time" to the district court are "deemed waived.").

### B. An Immediate Appeal Would Not Materially Advance the Litigation

An interlocutory appeal materially advances litigation where it may eliminate the need for trial, simplify complex issues, or reduce the burden of discovery. *Juice Entm't*, 353 F. Supp. 3d at 314. An appeal, however, cannot advance what it cannot change.

The Memo Order held that "even assuming *arguendo* that *Johnston*—not *Shelton*—applies, the *Johnston* test does not warrant permitting Wolff to depose the Criminal Attorneys" because "the Court has already determined that Judge Waldor did not err when she found that the proposed depositions were 'disproportionate'" and "has also previously found that much of the information Wolff seeks is privileged." Memo Order at 13 n.10, 19 n.14. A decision by the Court of Appeals directing the Court to apply the *Johnston* test (instead of the already-applied *Shelton* test) would not entitle Wolff to the depositions because his request also fails under *Johnston*.

Wolff's contrary theory rests on then-Chief Judge Linares' Order in 2018. The depositions, Wolff contends, would establish procedural misconduct that, "as the Court previously held [in the Linares Order], could preclude the Government's claims against Wolff and eliminate the need for lengthy, complex, and expensive proceedings." Mot. at 2, 5.

That theory fails for two reasons. *First*, the Linares Order held less than Wolff suggests. Judge Linares declined to "strike any of the affirmative defenses at th[at] juncture" because the facts alleged, "if proved, would possibly preclude [Wolff] from being subject to liability." Linares Order at 12; *see* Memo Order at 4. That is a pleading-stage ruling on a motion to strike—not a holding that the defenses will defeat the Government's claims. Judge Linares wrote in expressly conditional terms: "[i]f [Wolff] can prove through discovery that the Government engaged in procedural misconduct . . . , then [Wolff] can provide a plausible defense," which is "a material fact that must be fleshed out during discovery." Linares Order at 12. As the Memo Order

reiterated, the Linares Order "merely opened the door for discovery as to the Affirmative Defenses; it did not guarantee that any inquiry into them is necessarily proper." Memo Order at 19.

*Second*, and more importantly, Wolff's theory assumes that the depositions would produce evidence of misconduct. That assumption cannot be squared with Judge Waldor's findings, affirmed in the Memo Order, about what the depositions would and would not yield. *See* Waldor Opinion at 16, 22 (finding that Wolff had not shown that Fishman or Eicher likely possessed discoverable information that other attorneys did not also have, and that Wolff's "plan to fill in the gaps is insufficient justification" to render that information crucial). The information Wolff seeks is available from sources other than Government counsel, disproportionate to pursue through depositions of counsel, and largely privileged. *See* Memo Order at 15–19 & n.14. Because an immediate appeal would not materially advance the litigation, Wolff's request for certification fails.[5]

## IV. CONCLUSION AND ORDER

For the reasons stated above,

**IT IS**, on this 26th day of August, 2026,

**ORDERED** that Wolff's Motion to Amend the Court's December 30, 2025 Memo Order, D.E. 452, to permit an interlocutory appeal under 28 U.S.C. § 1292(b) and Federal Rule of Appellate Procedure 5(a)(3), D.E. 456, is **DENIED**.

Evelyn Padin, U.S.D.J.

[5] Because the Court concludes that Wolff fails to satisfy the first and third requirements of Section 1292(b), it does not reach the second requirement.